## Case No. 3,484.

### CUNNINGHAM v. OFFUTT.

### LINTHICUM v. SAME.

[5 Cranch, C. C. 524.] [1]

Circuit Court, District of Columbia. Nov. Term, 1838.

#### FIERI FACIAS—LIEN—PRIORITY.

1. A fieri facias binds the goods only from the time of its delivery to the marshal; and if it be returned without being levied upon the goods, its lien ceases; and a subsequent fieri

[Reported by Hon. William Cranch, Chief Judge.]

facias, issued at the suit of another creditor upon a subsequent judgment, and levied upon the goods, must be satisfied before a second fieri facias afterwards issued by the first creditor upon the prior judgment.

2. The execution first delivered to the marshal must be first served.

This was a motion by [William] Remington to order the marshal to pay over to him $69, which he had made under a fieri facias at the suit of [Otho M.] Linthicum against [Zachariah M.] Offutt; and the matter was submitted to the court upon the following case stated: On the 26th of May, 1835, a fieri facias was issued at the suit of [Samuel] Cunningham against Offutt, which came to the hands of the marshal on the next day, and was levied upon a negro boy appraised at $350. The boy was replevied by William Remington, claiming him under a bill of sale from Offutt. On the trial of the action of replevin, judgment was rendered for the defendant in replevin, and a return of the boy awarded. After which, it was agreed between Offutt, Remington, and Cunningham, that the latter should take the boy in part of his execution, without a public sale, at a sum which left a balance of $69 unpaid on the execution; which balance Remington paid to Cunningham, and took an assignment of his judgment for a like amount. Before this arrangement was made, namely, on the 15th of August, 1837, a fieri facias was issued at the suit of Otho M. Linthicum, against the said Offutt, which came to the marshal's hands on the 1st of September, 1837, and was, on the 11th of November, 1837, levied on sundry household furniture, &c., not including the negro boy. On the 17th of November, 1837, Remington caused a fieri facias to be issued for his use, upon the judgment of Cunningham against Offutt; which execution came to the hands of the marshal on the 18th of November, 1837; and was levied on the same property upon which the fieri facias of Linthicum against Offutt had been levied; and which was sold by the marshal. Remington claimed a priority of payment of his $69 out of the proceeds of the sale, and notified the marshal to retain that sum for his use, and to pay it over to him; to which Linthicum objected. The question was submitted to the court without argument.

[Before CRANCH, Chief Judge, and MORSELL, Circuit Judge.]

CRANCH, Chief Judge. The execution of Cunningham, for the use of Remington against Offutt, which was issued on the 17th of November, 1837, purports to be an original fieri facias; not an alias. It contains no reference to any former execution, and is for the whole amount of the original judgment. The execution of Linthicum against Offutt, which was issued on the 1st of September, 1837, appears, also, to be an original fieri facias, and was delivered to the marshal on the same day, who levied it upon certain

property of the defendant, Offutt, on the 11th of November, 1837. The execution of Cunningham, for the use of Remington, was delivered to the marshal on the 18th of November, 1837, and levied on the same property. The execution of Linthicum, having first come to the hands of the marshal, must be first satisfied. But it is said that Cunningham's execution for the use of Remington was an alias fieri facias, the first having issued on the 27th of May, 1835, and delivered to the marshal on the same day, and levied upon a negro boy, who was replevied out of the marshal's hands by Remington, but afterwards delivered to Cunningham, at a certain price, in part satisfaction of his judgment, and that a balance of $69 was paid to Cunningham by Remington, who took an assignment of the judgment to that amount, and issued the above-mentioned fieri facias on the 17th of November, 1837. I think this makes no difference. The first execution was not levied upon this property on which Linthicum's execution was levied; and although the personal property is bound by the delivery of the execution to the marshal, yet, if that execution be returned it is functus officio, and if a new fieri facias be issued, it binds the goods only from the time of its delivery to the marshal.

By the statute of frauds and perjuries (29 Car. II. c. 3, § 16), "no writ of fieri facias, or other writ of execution shall bind the property of the goods against whom such writ of execution is sued forth, but from the time that such writ shall be delivered to the sheriff, under-sheriff, or coroners to be executed." The fieri facias of Cunningham for the use of Remington, therefore, could not bind the property of the goods against which it was sued forth, but from the 18th of November, 1837, the day it was delivered to the marshal; whereas Linthicum's fieri facias bound the property of the goods from the 1st of September, 1837. I am, therefore, of opinion, that the sum of $69 which the marshal has retained, to abide the opinion of the court upon this question, ought to be paid over to Mr. Linthicum.